IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIE SULLIVAN,**<br><br>   Plaintiff,<br><br>v.<br><br>**WELLS FARGO BANK, N.A.,**<br><br>   Defendant. | Case No.: 19-CV-000234-WS-M |

### REPORT OF PARTIES' PLANNING MEETING

Pursuant to the Fed.R.Civ.P. 26(f), a meeting was held on **December 3, 2019** by tele-conference and was attended by:

**Kenneth J. Riemer, attorney for Plaintiff Willie Sullivan;**

**Reid S. Manley and Rachel Ross Friedman, attorneys for Wells Fargo Bank, N.A.**

The parties do not request a conference with the court before entry of the scheduling order.

1.    Narrative Statement of Facts, Causes of Action, and Defenses

    a.  **Plaintiff's Statement:**

This action arises from Wells Fargo's access of Plaintiff's credit file and credit score without his permission and against his direct instructions.

In November 2018, Plaintiff visited a local Wells Fargo branch to open a money market account. While there, he was met by a Wells Fargo manager who aggressively tried to upsell a mortgage loan on Plaintiff's investment properties – something completely unrelated to the reason for Plaintiff's visit. In response to the sales pitch, Plaintiff explained that he was happy with his existing loans but would agree to consider the general terms Wells

Fargo might offer so that he could compare those to his exiting rates. Plaintiff emphasized that he was only interested to obtain an estimate *if and only if* he could get the estimated terms without a credit pull. The manager was adamant that no credit pull would be needed in order to generate the estimated terms. The manager explained that with some basic financial information, Wells Fargo could provide the estimate, and that Plaintiff's credit report would not be pulled unless Plaintiff decided to complete a loan application after reviewing the estimated terms. The Wells Fargo manager emphasized that there would be no credit report pulled unless and until Plaintiff signed a written authorization. Plaintiff agreed and provided the requested basic financial information. Then, against Plaintiff's express instructions and without any notice, Wells Fargo pulled his credit report and credit score and mailed Plaintiff loan packages for loans which he did not request. At no point did he provide any written or verbal authorization for the credit pull. Plaintiff submitted multiple disputes and requests to have the credit pulls reversed, but Wells Fargo refused to take any corrective actions.

Plaintiff asserts claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, for impermissible credit pull, accessing Plaintiff's credit information under false pretenses and for failing to provide required disclosures regarding use of his credit scores. Plaintiff also asserts state law claim for fraud.

      b.  **Defendant's Statement:**

Plaintiff alleges that he visited a Wells Fargo branch to open a money market account and, while he was there, discussed obtaining a mortgage loan on his investment properties with the branch manager. Plaintiff alleges that he told the Wells Fargo manager that he was only interested in a loan estimate if he could get the estimated terms without a credit pull,

and that the manager told him that a credit pull was not necessary to obtain an estimate. Plaintiff alleges that he then agreed to obtain an estimate, but that Wells Fargo subsequently pulled his credit score against his instructions and without notice. Plaintiff filed this lawsuit based on the alleged impermissible credit pull. Plaintiff asserts claims against Wells Fargo under the Fair Credit Reporting Act ("FCRA") for willfully and/or negligently obtaining and using Plaintiff's consumer report without a permissible purpose, willfully and/or negligently obtaining and using Plaintiff's consumer report under false pretenses, and willfully and/or negligently failing to provide the disclosures required by 15 U.S.C. § 1681g(g). Plaintiff also asserts a claim for fraud.

Wells Fargo is in the process of investigating Plaintiff's claims and constructing its defense. Based on the facts presently known, Wells Fargo denies Plaintiff's assertion that Wells Fargo lacked his authorization to pull his credit, that Wells Fargo failed to provide required disclosures, or that Wells Fargo misled Plaintiff in any way. Even if Plaintiff's allegations were true, Plaintiff's claims still fail due to the lack of any identifiable actual damages resulting from the alleged impermissible credit pull. Wells Fargo also denies that Plaintiff is entitled to punitive damages. Wells Fargo reserves the right to supplement and amend its defenses and theory of the case as discovery progresses.

2. This jury action should be ready for trial by **October 15, 2020**, and at this time is expected to take approximately **1-2** days.

3. The parties request a pretrial conference in **September 2020**.

4. Discovery Plan.

  a. **Plaintiff expects to conduct discovery on the following**:

- **Discovery related to the facts and claims stated in the Complaint and the defenses stated in the Answer;**

- **Defendant's corporate information, including but not limited to, ownership, size, locations and resource allocation;**

- **Defendant's policies, practices and procedures relevant to the claims asserted, including but not limited to those relating to the accessing of credit information from consumer reporting agencies;**

- **Other judicial and administrative actions taken against Defendant relevant to the claims asserted;**

- **Defenses and any other matters asserted by Defendants; and**

-
- **Plaintiff's damages.**

    b.  <u>**Defendant expects to conduct discovery on the following**</u>**:**

- **All facts, claims and defenses as framed by the pleadings.**

6. All discovery will be commenced in time to be completed by **May 29, 2020.**

7. Initial Disclosures. The parties will exchange within ten (10) days after the date of this report the information required by Fed. R. Civ. P. 26(a)(1).

8. The parties request until **March 16, 2020** for Plaintiff to join additional parties and amend the pleadings and until **April 13, 2020** for Defendant to join additional parties and amend pleadings

9. Reports from retained experts under Rule 26(a)(2) due: from **Plaintiff** by **April 20, 2020.** Defendants shall disclose experts by **May 11, 2020**.

10. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due by **September 4, 2020**.

11.     Discovery Limits.

The following discovery limits shall apply to the case, unless the parties agree otherwise in writing:

- **Maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service.**

- **Maximum of 5 depositions by Plaintiff and 5 by each Defendant, each deposition limited to maximum of 7 hours unless extended by agreement of parties.**

- **Maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service.**

- **Maximum of 25 (total) requests for production of documents by each party to any other party. Responses due 30 days after service.**
-
- **The Parties agree that electronic service of discovery documents, and other papers, may be used. To the extent discovery requests are served on a Saturday, Sunday, or legal holiday, service will be deemed effective on the next day that is not a Saturday, Sunday, or legal holiday. Electronic service shall be deemed as if serving by U.S. mail and three days shall be added to a response or due date per F.R.C.P. 6(d).**

- **The Parties agree that consistent with Fed. R. Civ. P. 26(b)(5)(B), the inadvertent production of any documents during discovery in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to, the attorney-client privilege protection as trial preparation material and the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production.**

- **Upon written notice of an unintentional production by the producing party or oral notice if notice must be delivered at a deposition, the receiving party must promptly return, sequester, or destroy the specified documents and any hard copies the receiving party has and may not use or disclose the information until the privilege claim has been resolved. To the extent that the information contained in a document subject to a claim of privilege has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the**

5

       **claim has been resolved.  If the receiving party disclosed the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve it.  The producing party shall preserve the specified information until the claim is resolved.**

- **The receiving party shall have five (5) business days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege and the grounds for that objection.  The producing party will then have five (5) business days from the receipt of the objection notice to submit the specified information to the Court under seal for a determination of the claim and will provide the Court with the grounds for the asserted privilege for protection.  Any party may request expedited treatment of any request for the Court's determination of the claim.**

- **To the extent that the procedures set forth in this protocol are followed, it is the intent of the Parties that the inadvertent production of privileged or protected documents shall not operate as a waiver of any such privilege or protection pursuant to Fed. R. Evid. 502.**

12. All potentially dispositive motions filed by **July 15, 2020**.

13. Settlement cannot be evaluated at this time and may be enhanced by use of the following alternative dispute resolution procedure: **Mediation**.

14. Though the parties do not anticipate significant electronic discovery issues, the disclosure or discovery of electronically stored information (ESI) should be handled as follows:

    a. The production of ESI should be done in .pdf format to the extent practicable.

    b. If either party withholds information claiming a privilege or protection as trial preparation material, that party must make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed which will enable the other party to assess the applicability of the privilege or protection.

    c. The parties agree to implement the provisions of Rule 26(b)(5)(B) to protect any information produced in discovery that is subject to a claim of privilege or of protection as trial preparation material.

    d. The parties agree that there may be a need for discovery in this case to be

governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time. Such jointly proposed protective orders must include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

Respectfully submitted this the 5th day of December, 2019.

*/s/ Kenneth J. Riemer*
KENNETH J. RIEMER (RIEMK8712)
Underwood & Riemer, P.C.
Attorney for Plaintiffs
2153 Airport Boulevard
Mobile, AL 36606
251-432-9212
kriemer@alalaw.com

*/s/ Reid S. Manley with expressed permission)*
Reid S. Manley
Burr & Forman
420 N 20th St., Suite 3400
Birmingham, AL 35203
Email: rmanley@burr.com

*/s/ Rachel Ross Friedman with expressed permission)*
Rachel Ross Friedman
Burr & Forman, LLP
420 North 20th Street; Suite 3400
Birmingham, AL 35203
Email: rfriedma@burr.com